UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER ALEXIS FREES,

    Plaintiff,

v.                                       Case No: 8:21-cv-01708-KKM-AAS

UNITED AIRLINES *and* STAR
ALLIANCE ONBOARD SERVICE-
WORLD HEADQUARTERS,

    Defendants.
_____

## ORDER

Jennifer Frees filed this action seeking relief from irregular operations by Defendants United Airlines and Star Alliance Service-World Headquarters. (Doc. 1.) Frees also filed a motion to proceed in forma pauperis. (Doc. 2.) After reviewing the complaint, the Magistrate Judge determined that it failed to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 8. (Doc. 3 at 1.) The Magistrate Judge's July 21, 2021 Order directed Frees to file an amended complaint by August 23, 2021, informing her that a "failure to timely file an amended complaint will result in a recommendation of. . . dismissal." (*Id.* at 5.) Frees did not comply. Instead, Frees filed a motion for extension of time to amend her complaint on September 10. (Doc. 5.)

Because the Judge's Order found that Frees' complaint was deficient under Rule 8 and Frees allowed the time to amend to expire without refiling or requesting an extension, this Court does not have jurisdiction to consider Frees' untimely motion for extension of time. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719–20 (11th Cir. 2020) (holding that "an order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires," and "the district court loses 'all its prejudgment powers to grant any more extensions.'" (quoting *Hertz Corp. v. Alamo Rent-A-Car Inc.*, 16 F.3d 1126, 1133 (11th Cir. 1994))). Instead, the Magistrate Judge's July 21 Order has become a final judgment. As such, this Court must dismiss this action, recognizing its lack of jurisdiction. *See id.* at 720 (holding a plaintiff's "only recourse" is to appeal, move to amend the judgment, or move for relief from a final judgment).

However, even if the Magistrate Judge's Order did not constitute a dismissal of the complaint such that this Court loses jurisdiction once the time to amend expired, the outcome is the same. First, this Court, ruling in the alternative, denies Frees' untimely motion for an extension of time under Rule 6(b) because it fails to even hint at good cause or excusable neglect. *See* Fed. R. Civ. Proc. 6(b)(1)(B).

Second—and also in the alternative—this Court adopts the Magistrate Judge's Report and Recommendation. (Doc. 4.) Following Frees' failure to timely amend her

2

complaint, the Magistrate Judge entered a Report and Recommendation, recommending that the motion be denied and Frees' complaint be dismissed. (Doc. 4.) The fourteen-day deadline for Frees to object to the Report and Recommendation passed without Frees lodging an objection. Considering the record and a de novo review of the law, the Court accepts and adopts the Report and Recommendation for the reasons stated therein. (Doc. 4.)

Therefore, the earlier order dismissing the original complaint without prejudice has become a final order and the Court must now dismiss this action without prejudice for lack of jurisdiction. In the alternative, the Court denies Frees' motion to proceed in forma pauperis, (Doc. 2), dismisses the complaint (Doc. 1), and dismisses the action without prejudice. Accordingly, the following is **ORDERED:**

1. This action is **DISMISSED** without prejudice.

    a. In the alternative, the **Report and Recommendation** (Doc. 4.) is **ACCEPTED** and **ADOPTED** and made a part of this Order for all purposes, including appellate review.

        i. Frees' Complaint (Doc. 1.) is **DISMISSED** without prejudice.

        ii. Frees' Motion to Proceed In Forma Pauperis (Doc. 2.) is **DENIED**.

2. Free's Motion for Extension of Time (Doc. 5.) is **DENIED** for lack of jurisdiction, or—in the alternative—for failure to satisfy Federal Rule of Civil Procedure 6.

3. The Clerk is directed to **TERMINATE** any pending motions, **ENTER** judgment in favor of Defendants, and to close this case.

**ORDERED** in Tampa, Florida, on September 17, 2021.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge